UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| MVP SPORTS, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | No. 19-cv-00742 (KBJ) |
| L. FRANCIS CISSNA, Director, United States Citizenship and Immigration Services, | ) ) ) ) | |
| Defendant. | ) ) ) | |

**MEMORANDUM OPINION AND ORDER TRANSFERRING CASE TO THE CENTRAL DISTRICT OF CALIFORNIA**

Plaintiff MVP Sports, Inc. is an ecommerce enterprise located in California. (*See* Compl., ECF No. 1, ¶ 8.)  On March 15, 2019, MVP Sports filed the instant action against L. Francis Cissna, the Director of the United States Citizenship and Immigration Services ("USCIS"), challenging the denial of its Form I-129 petition by USCIS's California Service Center ("CSC").[1]  (*See id*. ¶¶ 1, 9.)  MVP Sports submitted Form I-129 on behalf of Yue Lam Ng, and its complaint contends that the CSC's decision must be set aside under the Administrative Procedure Act (*see id.* ¶ 1), because the CSC did not comply with the Immigration and Nationality Act and its accompanying regulations when making that determination (*see id*. ¶¶ 32, 34).  MVP Sports further alleges that the

---

[1] In essence, Form I-129 allows employers, such as MVP Sports, to sponsor foreign workers "to come to the United States temporarily to perform services or labor, or to receive training[.]"  I-129, Petition for a Nonimmigrant Worker, U.S. Citizenship and Immigr. Servs. (Sept. 3, 2020), https://perma.cc/YD7Y-KBVK.  Such workers are classified as "an H-1B, H-2A, H-2B, H-3, L-1, O-1, O-2, P-1, P-1S, P-2, P2S, P-3, P-3S, Q-1 or R-1 nonimmigrant worker."  *Id.*  Employers also use Form I-129 "to request an extension of stay in or change of status to E-1, E-2, E-3, H-1B1 or TN, or one of the above classifications for an alien."  *Id.*

CSC did not provide a reasoned explanation for its decision, and that it relied on evidence outside the record without affording MVP Sports a fair opportunity to respond to such evidence. (*See id.* ¶¶ 36–39.)

Because MVP Sports is a California-based company challenging the decision of the CSC in California, this Court issued an order on September 8, 2020, requiring MVP Sports to show cause why its complaint should not be dismissed or transferred for improper venue under 28 U.S.C. § 1406(a). (*See* Order to Show Cause, ECF No. 21.) In its response, MVP Sports contends that venue is proper in this district because "the final agency action at issue, and the process the [CSC] followed to make that decision, are the result of policies and templates created by [USCIS's] headquarters[,]" which are located in Washington, D.C. (*See* Resp. to Order to Show Cause, ECF No. 22, at 1–2.)[2] MVP Sports also argues that "[m]aintaining the case" in the District of Columbia would "facilitate the timely administration of justice." (*See id.* at 2.) Additionally, in the event that the Court determines venue does not lie in the District of Columbia, MVP Sports asks the Court to transfer the case to the Central District of California in lieu of dismissal. (*See id.*)

For the reasons explained below, this Court concludes that venue is improper in this district. Therefore, the matter will be **TRANSFERRED** to the Central District of California, as requested.

I.

When a plaintiff brings a civil action against an officer or agency of the United States, venue is proper "in any judicial district in which (A) a defendant in the action

---

[2] Page number citations to the documents that the parties have filed refer to the numbers automatically assigned by the Court's electronic case filing system.

resides, (B) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (C) the plaintiff resides if no real property is involved in the action." 28 U.S.C. § 1391(e)(1). MVP Sports attempts to fit its case into the first two prongs of this provision, maintaining that the named defendant is the head of "a federal agency headquartered in this district[,]" and that the CSC based its denial of MVP Sports's petition on the agency's "centralized" policies and procedures. (*See* Resp. to Order to Show Cause at 1–2.) Neither argument is sufficient to establish venue in this district.

As an initial matter, it is well settled that naming the director of an agency headquartered in this district "does not alone anchor venue [in the District of Columbia]." *Aftab v. Gonzalez*, 597 F. Supp. 2d 76, 81 (D.D.C. 2009). In fact, courts in this circuit have repeatedly found venue to be improper when the named agency official was not "personally involved" in the challenged decision. *See id.* at 81–82 (citing *Al-Ahmed v. Chertoff*, 564 F. Supp. 2d 16, 19 (D.D.C. 2008); *Abusadeh v. Chertoff*, No. 06-cv-2014, 2007 WL 2111036, at *6–7 (D.D.C. July 23, 2007)). Here, MVP Sports does not allege that the Director of the USCIS was involved in the adjudication of its petition; rather, its complaint focuses almost entirely on the decision-making process of officials at the CSC. (*See* Compl. ¶¶ 34–39.) And without more, MVP Sports cannot rely on the location of the named defendant to establish venue in this district. *See Cameron v. Thornburgh*, 983 F.2d 253, 256 (D.C. Cir. 1993).

Nor can MVP Sports rely on the fact that the CSC based its denial decision on "policies and templates created by [USCIS's] headquarters." (*See* Resp. to Order to Show Cause at 2.) While venue may lie in the District of Columbia when the plaintiff

3

"assert[s] a general, broad-based challenge to immigration policies or regulations[,]" *see Abusadeh*, 2007 WL 2111036, at *6; *see also Itserve All., Inc. v. Cissna*, 443 F. Supp. 3d 14, 31, 33–34 (D.D.C. 2020), MVP Sports's complaint makes no such challenge (*see* Compl. ¶¶ 34–39).  Instead, MVP Sports contests the CSC's denial of its Form I-129 petition on the grounds that the CSC failed to follow the USCIS's regulations and "misstated the law and evidence." (*See id.* ¶¶ 34–35.)  What is more, in its Prayer for Relief, MVP Sports asks the Court to set aside the CSC's decision and order the CSC to approve MVP Sports's petition—requests that do not implicate the USCIC's "centralized" policies or templates.  (*See id.* Prayer for Relief, ¶¶ 2–3; Resp. to Order to Show Cause at 2.)  Given the complaint's particularized focus on decisions made in California at the CSC, and the lack of any specific challenge to the USCIS's policies or procedures themselves, MVP Sports has given this Court no reason to conclude that "a substantial part of the events or omissions giving rise to [its] claim occurred" in the District of Columbia.  *See* 28 U.S.C. § 1391(e)(1)(B).

Finally, in its response to this Court's order to show cause, MVP asserts (without any explanation or citation to authority) that this Court should allow the case to proceed in the District of Columbia in order to "facilitate the timely administration of justice." (*See* Resp. to Order to Show Cause at 2.)  This argument is entirely unsubstantiated.  Moreover, and in any event, section 1391(e) does not authorize courts to hear cases in an otherwise improper venue if doing so could potentially lead to an expedient resolution of the case.  *See* 28 U.S.C. § 1391(e)(1).

II.

Where, as here, a district court concludes that venue is improper, the court may transfer the case to an appropriate district instead of dismissing the action altogether. *See* 28 U.S.C. § 1406(a) (providing that if venue is improper where the case is filed, "[t]he district court . . . shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought"); *see also Sinclair v. Kleindienst*, 711 F.2d 291, 293–94 (D.C. Cir. 1983) (noting circumstances in which transfer under section 1406(a) is appropriate). With respect to MVP Sports's complaint, this Court has determined that venue does not lie in this district for the reasons stated above, and in the interest of justice, the Court will honor MVP Sports's request that its legal action be transferred to the Central District of California in lieu of dismissal. Accordingly, it is hereby

**ORDERED** that this case is **TRANSFERRED** to the Central District of California pursuant to 28 U.S.C. § 1406(a). It is

**FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment, ECF No. 15, and Defendant's Cross-Motion for Summary Judgment, ECF No. 16, are **DENIED AS MOOT**.

DATE: September 30, 2020  *Ketanji Brown Jackson*
　　　　　　　　　　　　　　　　　　KETANJI BROWN JACKSON
　　　　　　　　　　　　　　　　　　United States District Judge